UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 8:24-cv-1537-SDM-AEP
                                                        8:13-cr-200-SDM-AEP

RONALD M. NIXON, JR.

_____/

## ORDER

Ronald M. Nixon, Jr., files a motion under 28 U.S.C. § 2255.  Although not written on the standard form, the motion contains sufficient information to conduct a preliminary review.  Nixon pleaded guilty to possession of a firearm in furtherance of a drug-trafficking crime and was sentenced to 188 months.  He moves to correct his sentence.  (Civ. Doc. 1)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief [.]"  Nixon's motion is barred as an unauthorized second or successive motion to vacate, set aside, or correct sentence.

## I.    Background

Under a plea agreement Nixon pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of

18 U.S.C. §§ 924(c)(1)(A)(i) and 2.  (Crim. Doc. 31)  Although a career offender, Nixon was granted a six-level downward departure and sentenced to 188 months.  (Crim. Doc. 65)  He filed no appeal.

Instead, Nixon filed a motion under Section 2255.  (Crim. Doc. 68; *United States v. Nixon*, 8:14-cv-1449-SDM-TBM)  He challenged the calculation of his sentence and claimed that he received constitutionally ineffective assistance of counsel.  After denial of the motion as meritless, Nixon did not appeal.  (Crim. Doc. 69)

Next, Nixon sought authorization from the circuit court to file a second or successive Section 2255 motion.  The circuit court denied his application because he failed to show that his claim satisfied the Section 2255(h) criteria.  (Crim. Doc. 78)

In his criminal case Nixon submitted correspondence that was construed as a second motion under Section 2255.  (Crim. Doc. 93; *United States v. Nixon*, 8:20-cv-1486-SDM-AEP)  Because Nixon lacked authorization from the circuit court to file the motion, the construed motion was dismissed as an unauthorized second or successive Section 2255 motion.  (Crim. Doc. 93)

Nixon filed a third motion, again construed as pursuing relief under Section 2255 and dismissed as an unauthorized second or successive motion.  (Crim. Doc. 112)  Nixon again sought authorization from the circuit court to file a second or successive Section 2255 motion, which the circuit court denied.  (Crim. Doc. 113)

## II.    Discussion

In his fourth motion under Section 2255, Nixon claims that "if the court would've sentenced [him] correctly, he would've received 123 months instead of 188 months."  (Civ. Doc. 1 at 2)

After a criminal judgment is entered, "28 U.S.C. § 2255 allows [a defendant] one—and generally, only one—opportunity for a collateral attack.   Before filing a 'second or successive' habeas petition, AEDPA requires a prisoner to obtain authorization from the appropriate court of appeals."  *Telcy v. United States*, 20 F.4th 735, 740 (11th Cir. 2021).  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  This rule "is grounded in respect for the finality of criminal judgments."  *Calderon v. Thompson*, 523 U.S. 538, 55 8 (1998).

Nixon's present motion is another unauthorized second or successive motion under Section 2255.  Because Nixon lacks authorization from the circuit court to file the motion, the district court is without jurisdiction to consider the motion.  *See Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021) (explaining that without the requisite authorization, "the district court must dismiss a second or successive § 2255 [motion] for lack of jurisdiction").  To file a second or successive Section 2255 motion, Nixon must first obtain authorization from the circuit court.  *United States v. Handlon*, 97 F.4th 829, 834 n.2 (11th Cir. 2024) ("If Handlon—having already filed an unsuccessful motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255—wants to attempt to file a second or successive § 2255

motion, then he must first obtain authorization from the Court of Appeals.")
(quotation omitted)).

### III.   Conclusion

The motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as an
unauthorized second or successive motion.  Because the district court lacks
jurisdiction to consider the Section 2255 motion, the motion for the appointment of
counsel (Civ. Doc. 2) is **DENIED AS MOOT**.  The clerk must **CLOSE** this case and
enter a copy of this order in the criminal case.

ORDERED in Tampa, Florida, on August 28, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE